UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL S. BARON,

            Plaintiff,      Case # 18-CV-6215-FPG

v.

                       DISMISSAL ORDER

FIVE L HOLDINGS LLC &
5 LINX ENTERPRISES INC.,

            Defendants.
_____

## INTRODUCTION

On March 14, 2018, Plaintiff commenced this action against Defendants. ECF No 1. On June 7, 2018, Plaintiff filed affidavits indicating that Defendants were served on May 9 and 15, 2018. ECF Nos. 3, 4. On March 14, 2019, Plaintiff had not taken any action in 10 months and Defendants had not answered or appeared, and therefore the Court issued an Order to Show Cause directing Plaintiff to show cause in writing by April 15, 2019, why his case should not be dismissed for failure to prosecute. ECF No. 5; *see* Loc. R. Civ. P. 41(b). The Court explicitly warned Plaintiff that failure to comply with the Order to Show Cause would result in the dismissal of this case with prejudice. Despite this clear warning, Plaintiff has not responded.

## DISCUSSION

While dismissing a case for failure to comply with a court order is a "harsh remedy," district judges have the discretion to do so. *Lopez v. Pichardo 2230 Rest. Corp.*, 734 F. App'x 16, 17 (2d Cir. 2018) (summary order). To guide their exercise of that discretion, the Second Circuit has provided five factors for trial judges to consider: (1) whether the plaintiff's failure to prosecute caused a significant delay; (2) whether the plaintiff was notified that further delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) the balance between alleviating court calendar congestion and the plaintiff's right to an opportunity to be

heard; and (5) the efficacy of lesser sanctions. *Id.* at 17-18 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Here, considering these factors, dismissal is appropriate. First, Plaintiff's inaction has caused significant delay. Plaintiff originally filed his Complaint over one year ago on March 14, 2018. ECF No. 1. Plaintiff served Defendants in May of 2018, but there has otherwise been no activity to move this case forward. While there is no bright-line rule as to what amount of delay is "significant," *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013), the Court finds that the length of Plaintiff's delay satisfies the first factor.

As to the second factor, the Court notified Plaintiff that further delay would result in the dismissal of this case in its Order to Show Cause. The third factor, however, is not satisfied—Defendants have not appeared and thus are not prejudiced by Plaintiff's delay.

As to the fourth factor, Plaintiff has relinquished his right to be heard based on his refusal to effectively prosecute this case and to respond to the Court's Order. *See Davison v. Grillo*, No. 05 CV 4960(NG)LB, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) ("It is not an efficient use of the Court's or defendants' resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future."). The Court has also considered the heavy demands of its docket—this case is over one year old, yet there has been no answer, motion practice, discovery, or any activity to further its litigation.

Finally, no lesser sanction will compel Plaintiff to respond to the Order to Show Cause that the Court issued over five weeks ago. Plaintiff's counsel received electronic notification when the Court issued the Order, and therefore the Court is left to conclude that Plaintiff no longer wants to prosecute this case. Accordingly, the Court finds that dismissal is appropriate.

## CONCLUSION

Because Plaintiff failed to comply with the Court's Order to Show Cause and to prosecute this case and has not communicated with the Court despite being warned of the consequences of failing to respond, this action is DISMISSED WITH PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: April 22, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court